Kimbell Trust & Savings Bank, Appellee, v. The Hartford Accident & Indemnity Company, Appellant.

Gen. No. 32,038.

Opinion filed February 23, 1928.

DEFREES, BUCKINGHAM & EATON, for appellant; DON KENNETH JONES, of counsel.

RATHJE, WESEMANN, HINCKLEY & BARNARD, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This action is brought in assumpsit by the plaintiff bank against the defendant indemnity company, upon what is denominated in insurance circles a "Securities Blanket Policy." *Inter alia* it provided against loss by reason of having during the life of the policy taken as collateral to any loan any forged, raised or altered securities. The date of the policy is May 27, 1924. On March 27, 1924, one C. E. Miner borrowed at the plaintiff bank $3,500 and gave his note therefor,

of that date, payable 90 days after date. As collateral security for the loan he deposited with the bank 80 shares of Gulf States Steel Company common stock. On the maturity of the note it was renewed by the giving of another note, payable 90 days after date. The first note was marked paid and the collateral remained as security for the new note. On September 23, 1924, and December 31, 1924, there were like renewals for 90 days, and the same process regarding making a new note and retaining the collateral as security was gone through with. Subsequent to December 31, 1924, the bank discovered that the security was forged. The bank insisted that the Indemnity Company was liable to it on its policy and made claim for the amount of their loss. The Indemnity Company disavowed liability on the ground that the stock was forged and taken by plaintiff before the issuance of defendant's policy to it. Plaintiff parried this contention on the claim that each renewal was a new loan and a new transaction, and that the steel stock was on each occasion delivered as collateral to each of the new loans and the notes given evidencing such loans, and that defendant was liable because the second and third loans and notes were given and received within the dates of defendant's liability under the policy.

The cause was submitted to the trial judge by agreement and on plaintiff's own proof the court adopted its theory that the bank had taken the stock as collateral upon the occasion of the receiving of each of the notes made by Miner, and that the loss was in consequence sustained on Miner's failure to pay the note of December 31, 1924. There was a finding for plaintiff and an assessment of damages at $3,910, and a judgment upon the finding for that amount, and defendant brings the record here for our review by appeal.

It is held as a matter of law that the renewal of an original note and the acceptance of the note given in

renewal works a payment of the original note. *Citizens' Commercial & Savings Bank of Flint v. Platt,* 135 Mich. 267. It is contended that each renewal note became at the time of its date a new transaction, and that the retention of the collateral on each of such occasions constituted a redelivery of such collateral. The majority members of this court have the same view which the trial judge had in relation to the renewal notes being original transactions, and that the redelivery of the collateral on each occasion with the new notes partook of the same quality as an original transaction, so that the policy of indemnity of defendant was effective as an indemnity as of the dates of each renewal of the $3,500 loan with the deposit of the steel stock as collateral.

We have not been referred to any authority where the precise question here involved was decided, and we know of none.

For the above reasons the judgment of the superior court is affirmed.

*Affirmed.*

TAYLOR, P. J., and WILSON, J., concur.

MR. JUSTICE HOLDOM dissenting: On March 27, 1924, when plaintiff took C. E. Miner's note for $3,500 and paid him that amount of money, taking as collateral thereto 80 shares of Gulf States Steel Company common stock, which stock was admittedly forged, it lost the money it loaned Miner. That stock, in my humble judgment, was not covered by defendant's indemnity policy in suit, of date May 27, 1924, two months thereafter. It had no retroactive force. The bank's collateral was forged when it took it from Miner and its loss was complete March 27, 1924, although it did not know it. It seems to me that nothing could change the then situation. It was then dead security and no renewal note could inject life into it. It is a rather subtle question, but I am unable to see that the bank's loss is covered by defendant's policy of indemnity.